BARDEGUEZ, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record an Open Will.

No. 385.—Decided March 18, 1919.

RECORD OF TITLE—WILL—WITNESSES.—Failure to state in a will that at least two of the witnesses knew the testatrix does not make the will a mere nul-

lity *a priori.* Such an omission is not a defect preventing the recording of the will, for it may be considered as supplied by the attestation of the notary that all the legal formalities had been complied with, which include the fact that at least two of the witnesses knew the testatrix, and also because questions regarding the validity of a will must be raised by the interested parties.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

The respondent did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an open will made by Ceferina Aparicio Plás in which she named her husband, Juan Bardeguez Quibbs, as her sole heir, the notary stated the following:

"Thus the testatrix, Ceferina Aparicio Plás, expressed her will in the presence of the witnesses, who are residents, of age, personally known to me, and who see and understand the testatrix, who states that she knows them personally, and they agree with me, the notary, that she is legally capacitated to make this will, and are; * * *

"* * * I, the notary, certify that all the formalities set forth in the corresponding section of the Civil Code and all others herein stated have been complied with."

The Registrar of Property of Guayama refused to record the said will because it does not appear therefrom that the witnesses knew the testatrix, a necessary formality to give validity to the said instrument, and for the further reason that the death of said testatrix is not shown.

The testamentary heir took the present appeal from that decision.

In disposing of the case of *Chiqués* v. *Registrar of Caguas, ante,* p. 85, concerning the recording of a will, we said that the third ground of the decision was too general and that the registrar should have stated what specific formalities of law had not been complied with so that we should have been in a position to decide whether said nonperformance was of such a nature as to render the will null and void or whether it could be disregarded at the option of the

interested parties, in which case the registrar would have no power to deny the record.

Although in the present case the registrar stated that the defect consisted in the absence of any statement in the will that the witnesses knew the testatrix, a necessary requisite as to at least two of the witnesses according to section 693 of the Civil Code in connection with section 695, which provides that any will in the execution of which the formalities respectively established in chapter 1, Title III, Book Third, have not been observed, shall be void; nevertheless, such omission in a will is not of such a nature as necessarily to render it a mere nullity *a priori,* because it loses its force if the interested parties accept the will and agree to respect it as though it were clothed with all the formalities of law. Only the interested parties have the right to question the validity of a will on that ground, and although the notary, in the strict performance of his duties, should state in the will who of the witnesss knew the testatrix, that omission may be considered as supplied by the general certificate of the notary to the fulfilment of all lawful formalities including the fact that two of the witnesses knew the testatrix, and therefore the registrar should not have refused to record the will on that ground. Decisions of the General Directorate of Registries of Spain of May 26, 1899; September 26, 1904, and June 30, 1915.

We find that the other ground for the refusal was justified, for the death being what determines the transfer of the property to the heir, that fact must be shown before the will can be recorded. If the registrar had asked the party to prove this fact he undoubtedly would not have had to assign that ground of refusal in his decision.

The decision appealed from should be reversed as to the first ground and affirmed as to the second.

*Affirmed in part.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.